```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION

STEPHEN R. COX,                    §
                                   §
          Plaintiff,               §
v.                                 §    Civil Action
                                   §    No. C-07-235
                                   §
JON SCOTT ROGERS,                  §
                                   §
          Defendant.               §
                                   §
```

## ORDER

On this day came on to be considered the United States of America's motion for substitution pursuant to 28 U.S.C. § 2679(d)(2) (D.E. 2). For the reasons set forth below, the United States' motion for substitution is hereby GRANTED, and the United States is hereby substituted in as the Defendant in the above-styled action. The previously-named Defendant, Jon Scott Rogers, is hereby DISMISSED from this case.

## I.  Background

### A.  Factual Background

In April, 2007, Plaintiff was employed on a probationary status as a Supply Technician at the Defense Logistics Agency, Defense Distribution Center, Corpus Christi (hereinafter, "DLA"). During this time period, the previously-named Defendant Jon Rogers was employed as a Distribution Process Worker at the DLA.[1] Mr.

---

[1] By virtue of their positions with the DLA, Plaintiff and Mr. Rogers were federal employees during the events in question in this

Rogers alleges that on April 19, 2007, Plaintiff stated to Mr. Rogers that "Things would be better if we didn't have a black Union Rep." (D.E. 2, Exh. 2, Rogers Decl.). Mr. Rogers indicates that he reported this remark to a manager, Robert Rosarius. (Id.). Mr. Rogers claims that on April 20, 2007, Plaintiff approached the Defendant and questioned him regarding his decision to report the earlier comment to management. (Id.). Mr. Rogers alleges that Plaintiff said "You should have been a man yesterday and told me if you had a problem with what I said, You can bet that I will be paying you back real soon." (Id.). Mr. Rogers indicates that he also reported these comments to Mr. Rosarius. (Id.).

On April 24, 2007, Plaintiff was terminated from his position as a Supply Technician. (Exh. 1 to Plaintiff's Original Petition, Termination Letter). The letter received by Plaintiff indicates that Plaintiff was terminated "because of comments [Plaintiff] made on April 19, 2007 and April 20, 2007." (Id.).

**B.   State Court Suit and Notice of Removal**

On April 27, 2007 (three days after the date of the above-referenced termination letter), Plaintiff filed suit against Mr. Rogers in Texas state court. Plaintiff brings claims against Mr. Rogers for defamation and intentional infliction of emotional distress. (Plaintiff's Original Petition). Specifically, Plaintiff claims that "[t]he statements attributed to Plaintiff and

---

lawsuit.

reported to Plaintiff's employer by [Mr. Rogers] ... constitute false publications made by [Mr. Rogers] ... which impugned and injured Plaintiff's reputation and exposed him to ... the loss of his job". (Id., ¶ 8).

On May 29, 2007, the United States removed this case pursuant to 28 U.S.C. § 2679(d), "because the named defendant ... is a federal employee and was acting within the scope of his employment."[2] (D.E. 5, ¶ 2). 28 U.S.C. § 2679(d)(2), also known as the "Westfall Act,"[3] states as follows in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. ... This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).[4]  Pursuant to the statute, once the

---

[2] The United States' Original Notice of Removal (D.E. 1) was struck on May 29, 2007 (D.E. 4), because the United States failed to attach the required index of matters being filed. The United States filed an Amended Notice of Removal on June 5, 2007, correcting this procedural defect (D.E. 5).

[3] The "Westfall Act" is formally know as the "Federal Employees Liability Reform and Tort Compensation Act of 1988". Mourad v. Fleming, 2004 WL 2866975, *3 (N.D. Tex. 2004).

[4] As discussed below, the United States submitted the required scope of employment certification in connection with the United States' motion for substitution. (D.E. 2, Exh. 1, Scope of Employment Certification). The scope of employment certification was submitted on the same day that the United States removed the

Attorney General provides such scope of employment certification, the district court cannot remand the case on the grounds that the certification was incorrect. See Osborn v. Haley, 127 S.Ct. 881, 889 (U.S. 2007) ("§ 2679(d)(2) ... shields from remand an action removed pursuant to the Attorney General's certification.").

### C. United States' Motion for Substitution and Scope of Employment Certification

On May 29, 2007, the United States filed the instant motion for substitution, asking the Court to dismiss the named defendant Jon Scott Rogers and substitute the United States as the defendant in this case (D.E. 2). The United States made this motion pursuant to 28 U.S.C. § 2679(d)(2) (the Westfall Act).

In connection with its motion for substitution, the United States submitted the "Certification of Scope of Employment" required by 28 U.S.C. § 2679(d)(2). Though Section 2679(d)(2) technically indicates that this certification must be made by the Attorney General, 28 C.F.R. § 15.3 provides that the certification may be made by the appropriate United States Attorney. See 28 U.S.C. § 13.5(a), Appendix; see also Martin v. Kersey, 1992 WL 245673, *2 (E.D. La. 1992) ("While such certification must be provided by the Attorney General under the statute, authority to provide such certification is also conferred upon the United States Attorney pursuant to 28 CFR § 15.3(a)."). Accordingly, Donald J.

---

case. (Id.).

DeGabrielle, Jr., United States Attorney for the Southern District of Texas, submitted the certification in this case. The certification indicates that named defendant Jon Scott Rogers "was acting within the scope of hi[s] employment as an employee of the United States of America at the time of [the] acts or omissions" which gave rise to the Plaintiff's Original Petition. (Scope of Employment Certification, p. 1).

Because the United States' motion for substitution was filed on May 29, 2007, Plaintiff's response was due on June 18, 2007 (L.R. 7.3). To date, Plaintiff has not filed any response to the United States' motion for substitution.[5]

## II.  Discussion

### A.  Substitution of United States as Defendant Pursuant to 28 U.S.C. § 2679(d)(2) (the Westfall Act)

Pursuant to 28 U.S.C. § 2679(d)(2), "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim ... ***shall be deemed to be an action or proceeding brought against the United States under the provisions of this title [the Federal Tort Claims Act] and all references thereto, and the United States shall be substituted as the party***

---

[5] Pursuant to Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition." (L.R. 7.4).

***defendant.***"  28 U.S.C. § 2679(d)(2) (emphasis added).

The certification of the Attorney General that the federal employee was acting within the scope of his or her employment is subject to judicial review. See <u>Gutierrez de Martinez v. Lamagno</u>, 515 U.S. 417, 437 (U.S. 1995) ("The statute [28 U.S.C. § 2679(d)(2)] is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope-of-employment certification, and we hold that construction the more persuasive one."); <u>Counts v. Guevara</u>, 328 F.2d 212, 214 (5th Cir. 2003) ("for purposes of substitution, the certification is judicially reviewable."). However, "***the burden is on the plaintiff*** to challenge the certification and prove that the employee's conduct was not within the scope of his employment." <u>Lombard v. New Orleans Naval Support Activity Commissary</u>, 2003 WL 23095583, 1 (E.D. La. 2003) (emphasis added); <u>Lanausse v. Fed. Corr. Inst. at Three Rivers</u>, 2002 WL 494365, *1 (5th Cir. 2002) (citing <u>Palmer v. Flaggman</u>, 93 F.3d 196, 199 (5th Cir. 1996)) ("Once the Attorney General makes a 'scope certification,' 'the burden of proof lies with the plaintiff to show that the Attorney General's initial decision is incorrect.'"); <u>Vander Zee v. Reno</u>, 1996 WL 625346, *3 (5th Cir. 1996) (same).

A plaintiff who challenges the government's scope of employment certification "has the burden to prove that the employee's conduct was not within the scope of his employment."

Counts, 328 F.2d at 214; see also Williams v. United States, 71 F.3d 502, 506 (5th Cir. 1995).  If the certification of the Attorney General is undisputed, then "the United States must be substituted as a defendant in place of the individual defendants." Lombard, 2003 WL 23095583 at *1.

**B.    The United States Should Be Substituted as the Defendant in this Case**

As noted above, the United States filed its motion for substitution on May 29, 2007, and Plaintiff's response was due on June 18, 2007.  (D.E. 2; L.R. 7.3).  Plaintiff did not file any response to the United States' motion.  Accordingly, Plaintiff did not challenge the certification that Mr. Rogers was acting within the scope of his employment at the time of the actions giving rise to Plaintiff's Original Petition.  Since the burden is on the Plaintiff to challenge the scope of employment certification, and Plaintiff did not mount any such challenge, pursuant to 28 U.S.C. § 2679(d)(2), this case "shall" be deemed to be an action brought against the United States under the provisions of the Federal Tort Claims Act, and the United States "shall" be substituted as the party defendant in the case.  28 U.S.C. § 2679(d)(2) (emphasis added).  Accordingly, pursuant to 28 U.S.C. § 2679(d)(2), the Court hereby ORDERS that the United States of America be substituted as the party defendant in the above-styled action, and the previously-named Defendant Jon Scott Rogers shall be DISMISSED from this

case.[6]

### III. <u>Conclusion</u>

For the reasons set forth above, the Court hereby GRANTS the United States' motion for substitution (D.E. 2). The United States is hereby substituted as the Defendant in this action, and the previously-named Defendant, Jon Scott Rogers, is hereby DISMISSED

---

[6] Of note, even if Plaintiff were to dispute the scope of employment certification, it appears that Mr. Rogers was indeed acting within the scope of his federal employment when he informed management of Plaintiff's various comments. "In reviewing the [scope of employment] certification, federal courts must apply the law of the state in which the tortious act occurred." <u>Counts</u>, 328 F.3d at 214 (citing <u>Garcia v. United States</u>, 62 F.3d 126, 127 (5th Cir. 1995)). "In Texas, an employee's conduct is considered to fall within the scope of his employment if his actions were '(1) within the general authority given him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was employed.'" <u>Counts</u>, 328 F.3d at 214 (citing <u>Mata v. Andrews Transport, Inc.</u>, 900 S.W.2d 363, 366 (Tex. App.--Houston [14th Dist.] 1995). This test applies to all scope of employment questions, including those involving allegedly defamatory statements. <u>See</u> <u>id.</u>; <u>see also</u> <u>Minyard Food Stores, Inc. v. Goodman</u>, 80 S.W.3d 573, 578 (Tex. 2002). In this case, it is undisputed that Mr. Rogers was a federal employee of the DLA at the time of the events in question, and Plaintiff was also a federal employee on a probationary status. Mr. Rogers heard Plaintiff's alleged comments while at work at the DLA, and the alleged comments pertained to the work that Plaintiff and Mr. Rogers were doing at the DLA. Mr. Rogers' reporting of these alleged racially charged and threatening comments was within the furtherance of the employer's business, since it is an integral part of the federal government's "business" to ensure a non-discriminatory environment where racially degrading and threatening comments are not tolerated. Finally, Mr. Rogers' reporting of the alleged comments was "for the accomplishment of the object for which [he] was employed", as discouraging such racially charged and threatening comments is within the object of employment for all federal employees. <u>Counts</u>, 328 F.3d at 214. Accordingly, Mr. Rogers' actions were within the scope of his federal employment, and therefore the United States must be substituted as the named Defendant in this case. <u>See</u> 28 U.S.C. § 2679(d)(2).

from the case.  From this point forward, the case caption shall be designated as "<u>Stephen R. Cox, Plaintiff, v. United States of America, Defendant</u>."

SIGNED and ENTERED on this 20th day of June, 2007.

_____
Janis Graham Jack
United States District Judge