**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| STEPHEN R. COX, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action |
| | § | No. C-07-235 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER OF DISMISSAL**

On this day came on to be considered the Defendant United States of America's motion to dismiss the above-styled action (D.E. 3). For the reasons set forth below, the United States' motion to dismiss is hereby GRANTED, and this case is hereby DISMISSED in its entirety.

**I.   Background**

**A.   Substitution of United States as Defendant**

Plaintiff originally brought this case against Jon Scott Rogers, a federal employee who works at the Defense Logistics Agency, Defense Distribution Center, Corpus Christi (hereinafter, "DLA"). On May 29, 2007, the United States brought a motion to substitute pursuant to 28 U.S.C. § 2679(d)(2), seeking to have the United States substituted in as the Defendant in the action, and to have the previously-named Defendant Jon Scott Rogers dismissed from the case (D.E. 2). On June 20, 2007, the Court GRANTED the United

- Page 1 of  11 -

States' motion for substitution (D.E. 8).  The United States was substituted as the Defendant in the case, and Jon Scott Rogers was DISMISSED from the action.  Accordingly, Plaintiff is currently proceeding against the Defendant United States of America.

**B.    Factual Background**

In April, 2007, Plaintiff was employed on a probationary status as a Supply Technician at the DLA.  During this time period, the previously-named Defendant Jon Rogers was employed as a Distribution Process Worker at the DLA.[1]  Mr. Rogers alleges that on April 19, 2007, Plaintiff stated to Mr. Rogers that "Things would be better if we didn't have a black Union Rep."  (D.E. 2, Exh. 2, Rogers Decl.).  Mr. Rogers indicates that he reported this remark to a manager, Robert Rosarius.  (Id.).  Mr. Rogers claims that on April 20, 2007, Plaintiff approached the Defendant and questioned him regarding his decision to report the earlier comment to management.  (Id.).  Mr. Rogers alleges that Plaintiff said "You should have been a man yesterday and told me if you had a problem with what I said, You can bet that I will be paying you back real soon."  (Id.).  Mr. Rogers indicates that he also reported these comments to Mr. Rosarius.  (Id.).

On April 24, 2007, Plaintiff was terminated from his position as a Supply Technician.  (Exh. 1 to Plaintiff's Original Petition,

---

[1]By virtue of their positions with the DLA, Plaintiff and Mr. Rogers were federal employees during the events in question in this lawsuit.

Termination Letter).  The letter received by Plaintiff indicates that Plaintiff was terminated "because of comments [Plaintiff] made on April 19, 2007 and April 20, 2007."  (Id.).

## C.    **State Court Suit and Notice of Removal**

On April 27, 2007, three days after the date of the above-referenced termination letter, Plaintiff filed suit against Mr. Rogers in Texas state court (Mr. Rogers has since been dismissed, Plaintiff's claims are now pending against the United States). Plaintiff brings claims for defamation and intentional infliction of emotional distress.  (Plaintiff's Original Petition, ¶¶ 8-10). In his Original Petition, Plaintiff claims that Mr. Rogers made "false publications" regarding the alleged comments made by Plaintiff on April 19 and 20, 2007.  (Id.).

On May 29, 2007, the United States removed this case pursuant to 28 U.S.C. § 2679(d), "because the named defendant ... is a federal employee and was acting within the scope of his employment."  (D.E. 5, ¶ 2).[2]

The United States filed the instant motion to dismiss on May 29, 2007 (D.E. 3).  The United States brought its motion under Federal Rule of Civil Procedure 12(b)(1), claiming that the Court does not have jurisdiction over this case because Plaintiff failed

---

[2]The United States' Original Notice of Removal (D.E. 1) was struck on May 29, 2007 (D.E. 4), because the United States failed to attach the required index of matters being filed.  The United States filed an Amended Notice of Removal on June 5, 2007, correcting this procedural defect (D.E. 5).

to file a required administrative claim before filing suit.  (<u>Id.</u>,
¶¶ 3-5).   The United States also claims that the Court lacks
jurisdiction over this case because the United States has not
waived sovereign immunity "for a claim arising out of libel,
slander, or misrepresentation".   (<u>Id.</u>, ¶ 6).   Pursuant to Local
Rule 7.3, Plaintiff's response to the United States' motion to
dismiss was due on June 18, 2007.   (L.R. 7.3).   However, to date
Plaintiff has not filed a response to the United States' motion.[3]

## II.   <u>Discussion</u>

### A.    <u>Standard for 12(b)(1) Motions to Dismiss</u>

"Motions filed under Rule 12(b)(1) of the Federal Rules of
Civil Procedure allow a party to challenge the subject matter
jurisdiction of the district court to hear a case."   <u>Ramming v.
United States</u>, 281 F.3d 158, 161 (5th Cir. 2001); <u>see</u> <u>also</u> Fed. R.
Civ. P. 12(b)(1).   A court may find lack of subject matter
jurisdiction "on any one of three separate bases: (1) the complaint
alone; (2) the complaint supplemented by undisputed facts evidenced
in the record; or (3) the complaint supplemented by undisputed
facts plus the court's resolution of disputed facts."
<u>Barrera-Montenegro v. United States</u>, 74 F.3d 657, 659 (5th Cir.
1996) (internal citations omitted).   "The burden of proof for a
Rule 12(b)(1) motion to dismiss is on the party asserting

---

[3]Pursuant to Local Rule 7.4, "[f]ailure to respond will be
taken as a representation of no opposition."   (L.R. 7.4).

jurisdiction."   Ramming, 281 F.3d at 161; see also McDaniel v. United States, 899 F.Supp. 305, 307 (E.D. Tex. 1995) ("On a 12(b)(1) motion, challenging the jurisdiction of the court, the burden lies with the party invoking the court's jurisdiction").

"A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."   Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998); see also Russell v. Choicepoint Servs., Inc., 302 F.Supp.2d 654, 658 (E.D. La. 2004) (same).

**B.** **The United States Enjoys Sovereign Immunity From Plaintiff's Claims for Defamation and Intentional Infliction of Emotional Distress**

**1.** **Sovereign Immunity**

The Defendant in this case is the United States of America. "[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."   Hebert v. United States, 438 F.3d 483, 487 (5th Cir. 2006); Truman v. United States, 26 F.3d 592, 594 (5th Cir. 1994) ("As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued") (internal citations omitted).  Sovereign immunity is jurisdictional in nature.  See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994).  Such immunity protects the United States from liability,

and deprives the court of subject-matter jurisdiction over claims against the United States.  See Hebert, 438 F.3d at 487-88 (citing United States v. Mitchell, 463 U.S. 206, 212 (1983)).  Thus, before a court proceeds on a case against the United States, it "must first decide whether one of the government's several waivers of sovereign immunity applies."  Truman, 26 F.3d at 594.

### 2.   Consent for Suit Pursuant to the Federal Tort Claims Act

The Federal Tort Claims Act provides consent for suit against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1); see also Johnston v. United States, 85 F.3d 217, 218-19 (5th Cir. 1996); Truman, 26 F.3d at 594 ("Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment").

### 3.   Plaintiff's Claims Are Excluded by the FTCA

In this case, Plaintiff brings two claims against the Defendant United States: (1) a claim for defamation; and (2) a claim for intentional infliction of emotional distress. (Plaintiff's Original Petition, ¶¶ 8-10).  However, as set forth below, under Section 2680(h) of the Federal Tort Claims Act, the

United States has specifically not consented to suit for these claims brought by Plaintiff. Accordingly, the United States enjoys sovereign immunity with respect to Plaintiff's claims for defamation and intentional infliction of emotional distress, and the Court must dismiss Plaintiff's claims for lack of subject-matter jurisdiction.

### a. Defamation

28 U.S.C. § 2680(h) provides that the Federal Tort Claims Act's waiver of sovereign immunity does <u>not</u> apply to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights". 28 U.S.C. § 2680(h). The exception in Section 2680(h) specifically applies to claims for libel, slander and misrepresentation, which courts have interpreted to include claims for "defamation." <u>See Johnson v. Sawyer</u>, 47 F.3d 716, 732 (5th Cir. 1995) (a claim for "defamation" is "exempted from the FTCA"); <u>Williams v. United States</u>, 71 F.3d 502, 507 (5th Cir. 1995) (affirming dismissal of defamation claim because a defamation action is not permissible under the Federal Tort Claims Act); <u>Mourad v. Fleming</u>, 2004 WL 2866975, *3 (N.D. Tex. 2004) (internal citations omitted) ("the FTCA does not provide a remedy for claims arising out of defamation."); <u>Hasan v. Glickman</u>, 1999 WL 38169, *3 (E.D. La. 1999) ("a defamation claim against the United States is not cognizable

under the FTCA"); <u>Walker v. United States</u>, 1998 WL 637360, *8 (E.D. La. 1998) ("the intentional torts alleged by the plaintiffs -- specifically, defamation (libel and slander), false imprisonment, and interference with contract rights -- are specifically excluded from the FTCA"); <u>Brown v. United States</u>, 1998 WL 292828, *2 (N.D. Tex. 1998) ("it is clear that defamation does not constitute an actionable claim under the FTCA."); <u>Walker v. United States</u>, 1996 WL 200284, *1 (E.D. La. 1996) ("Defamation ... is expressly excluded from the FTCA").

Accordingly, based on the above, 28 U.S.C. § 2680(h) expressly precludes Plaintiff from bringing suit against the United States under the Federal Tort Claims Act for defamation.  The United States retains its sovereign immunity with respect to Plaintiff's defamation claim, and Plaintiff's claim must therefore be dismissed for lack of jurisdiction.

### b.    <u>Intentional Infliction of Emotional Distress</u>

As noted above, Plaintiff also brings a claim against the Defendant for intentional infliction of emotional distress. (Plaintiff's Original Petition, ¶ 10).  Claims for intentional infliction of emotional distress are not *per se* excluded from the Federal Tort Claims Act by 28 U.S.C. § 2680(h).  However, for the reasons set forth below, Plaintiff's intentional infliction of emotional distress claim is still barred by Section 2680(h), as the claim "arises from" Plaintiff's excluded claim for defamation.

"If the conduct upon which a claim is based constitutes a claim 'arising out of' any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim." Truman, 26 F.3d at 594; Doe v. United States, 83 F.Supp.2d 833, 838 (S.D. Tex. 2000) ("if Plaintiffs' claims can properly be said to 'arise out of' libel or slander actions, then § 2680(h) renders the government immune from suit, regardless of the terminology employed by Plaintiffs.").

In this case, it is clear from Plaintiff's Original Petition that his intentional infliction of emotional distress claim "arises out of" his claim for defamation.   In fact, in his Original Petition, Plaintiff claims that his intentional infliction of emotional distress claim is based on Mr. Rogers' "false publication of alleged statements and threats by Plaintiff".   (Plaintiff's Original Petition, ¶ 10).[4]  Essentially, Plaintiff claims that this alleged "false publication" was so "extreme and outrageous" as to form the basis of a claim for intentional infliction of emotional distress.   (Id.).   Accordingly, Plaintiff's claim for intentional infliction of emotional distress "arises from" Plaintiff's claim

_____

[4]Specifically, Plaintiff alleges as follows with regard to his claim for intentional infliction of emotional distress:   "[Mr. Rogers'] false publication of alleged statements and threats by Plaintiff made to or in the presence of [Mr. Rogers] as described herein constitute (sic) intentional and reckless actions and extreme and outrageous conduct, taken with the purpose of causing the infliction of severe emotional distress to Plaintiff, for which Plaintiff now sues."   (Plaintiff's Original Petition, ¶ 10).

for defamation.  Like Plaintiff's claim for defamation, Plaintiff's

claim for intentional infliction of emotional distress is therefore

excluded from the Federal Tort Claims Act by 28 U.S.C. 2680(h).

See, e.g., Truman, 26 F.3d at 594-95 ("the FTCA bars a claim based

on conduct that constitutes a tort listed in section 2680(h), even

though that conduct may also constitute another tort not listed in

section 2680(h)."); Vander Zee v. Reno, 100 F.3d 952 (5th Cir.

1996) (holding that the court did not have jurisdiction to hear the

plaintiff's claim for intentional infliction of emotional distress,

because the claim arose out of torts specifically listed in Section

2680(h)).[5]

---

[5]As noted above, the Court does not have subject-matter
jurisdiction over Plaintiff's claims for defamation and intentional
infliction of emotional distress, and the Court therefore GRANTS
the United States' motion to dismiss on those grounds.  The Court
also notes that Plaintiff's claims may be DISMISSED for Plaintiff's
failure to file the administrative claim required by 28 U.S.C. §
2675(a).  Section 2675(a) provides that an action shall not be
instituted against the United States for money damages "unless the
claimant shall have first presented the claim to the appropriate
Federal agency and his claim shall have been finally denied by the
agency in writing and sent by certified or registered mail."  28
U.S.C. § 2675(a).  This requirement to file a claim under Section
2675(a) is jurisdictional.  See Frantz v. United States, 29 F.3d
222, 224 (5th Cir. 1994) (presentment of the plaintiff's claim to
the appropriate federal agency is "a jurisdictional prerequisite to
bringing a lawsuit under the Federal Tort Claims Act").  To satisfy
the requirements of Section 2675(a), the plaintiff's administrative
claim must "giv[e] the agency written notice of [plaintiff's] claim
sufficient to enable the agency to investigate and ... plac[e] a
value on [plaintiff's] claim."  Id.  In this case, Plaintiff did
not file the required administrative claim, nor did he make any
effort to exhaust his administrative remedies.  Rather, the alleged
comments at issue were made on April 19 and 20, 2007, the
termination letter sent to Plaintiff was dated April 24, 2007, and
Plaintiff filed his lawsuit on April 27, 2007 – only three days

### III. <u>Conclusion</u>

For the reasons set forth above, the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (D.E. 3) is hereby GRANTED.  As the Court does not have jurisdiction over Plaintiff's claims against the Defendant United States of America, the above-styled action is hereby DISMISSED in its entirety.

SIGNED and ENTERED on this 20th day of June, 2007.

_____
Janis Graham Jack
United States District Judge

---

after the date on his termination letter.  (Plaintiff's Original Petition; ¶ 8; Termination Letter).   Although the Court has dismissed Plaintiff's claims for the reasons set forth above, the Court notes that in the alternative, Plaintiff's failure to file the required administrative claim also constitutes grounds to dismiss this lawsuit.